# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**HARVEY PATRICK SHORT,**

    **Plaintiff,**

v.                                                     **Civil Action No. 5:10cv47**
                                                              **(Judge Stamp)**

**JIM RUBENSTEIN, Commissioner, et al.,**

    **Defendants.**

## REPORT AND RECOMMENDATION

The *pro se* plaintiff initiated this civil action on April 13, 2010, by filing a complaint pursuant to 42 U.S.C. § 1983 and a motion for leave to proceed as a pauper. In the complaint, the plaintiff sets forth a litany of allegations regarding the conditions of his confinement at the St. Marys Correctional Center. Some of the allegations regard lack of heat and adequate exercise during the period from December 30, 2009 through March 10, 2010. In addition, the plaintiff asserts that he has been denied: (1) the right to practice his religion; (2) adequate and nutritious meals and a low-sodium diet; and (3) adequate time in the law library. The plaintiff also alleges that various defendants have refused to copy his legal documents, denied him the right to type his legal documents, and read his legal documents. In addition, the plaintiff alleges that the conditions of confinement are unhealthy and unsanitary. Finally, the plaintiff alleges that in retaliation for his filing administrative grievances, the defendants had him moved to a housing unit reserved for Aryans and skin heads, who desire to kill non-white people, and his subsequent request for protective custody was denied.

After the enactment of the Prison Litigation and Reform Act (PLRA) of 1996, the following subsection was added to 28 U.S.C. § 1915:

> (g) In no event shall a prisoner bring a civil rights action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

While incarcerated, the plaintiff has had at least three prior civil actions dismissed as frivolous, malicious, or failing to state a claim upon which relief may be granted. See e.g., Short v. Carper, Civil Action No. 07-0139 (S.D. W.Va); Short v. Bailey-Walker, Civil Action No. 07-0277 (S.D. W.Va.); Short v. U.S.A., Civil Action No. 01-0408 (W.D.N.C.).Sept. 13, 1999.[1] Therefore, based on the strikes plaintiff has accumulated, he may not file another complaint without prepayment of fees unless he is in "imminent danger of serious physical injury."

With respect to the plaintiff's allegations regarding the conditions of his confinement between December 30, 2009, and March 10, 2010, the undersigned notes that the plaintiff is no longer assigned to the same unit, and therefore, no current risk[2] is attributable to those conditions. Moreover, with respect to the plaintiff's allegations regarding meals, access to the law library, and staff reading his legal meal, it is clear that they do not pose a risk of imminent danger of serious physical injury. Finally, the undersigned recognizes that the plaintiff's complaint alleges that he has

---

[1]The undersigned notes that in completing his complaint, the plaintiff indicated that he had not begun any other lawsuits in state or federal court dealing with these same facts or **otherwise related to his imprisonment**. Had the plaintiff answered this question truthfully, the undersigned would have made a search on PACER, discovered the three strikes, and avoided the burden placed on the defendants of answering this complaint.

[2]The undersigned makes no finding that the conditions alleged posed a risk of imminent danger of serious physical injury.

been confined to a unit reserved for Aryans which places him in danger as a non-white. However, in his Memorandum of Law in support of his opposition to the defendants' Motions to Dismiss,[3] the plaintiff acknowledges that he is no longer confined to that Unit, and, in fact, was only housed in that unit for eight days, and therefore, his confinement to that unit cannot be considered as posing a risk imminent danger of serious physical injury. (Doc. 33, p. 7).

For the foregoing reasons, the plaintiff's Motion for Leave to Proceed In Forma Pauperis (dckt. 2) should be **DENIED** and this case **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(g). See Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) ("The proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915. The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he initiates the suit."). Additionally, any pending motions should be terminated as **MOOT** and this case **STRICKEN** from the active docket of this Court.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Frederick P. Stamp, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C.

---

[3]Because the undersigned was not aware that the plaintiff had accumulated three strikes, an Order was entered granting him leave to proceed *in forma pauperis*. After receipt of the plaintiff's initial partial filing fee, the undersigned conducted an initial screening and entered an Order to Answer. The defendants were served, and in their various motions to dismiss, the undersigned was alerted to the plaintiff's previous filings.

§ 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied,</u> 467 U.S. 1208 (1984).

IT IS SO ORDERED.

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to the counsel of record via electronic means.

DATED: October 18, 2010..

 /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE