```
               IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

HARVEY PATRICK SHORT,

       Plaintiff,

v.                                   Civil Action No. 5:10CV47
                                             (STAMP)

JIM RUBENSTEIN, Commissioner,
JOE MANCHIN, Governor,
WILLIAM M. FOX, Warden,
TONEY LEMASTERS, Deputy Warden,
PATRICK MIRANDY, Associate Warden,
JACK STOLLINGS, Unit Manager,
MISTY ADAMS, Case Manager,
KELLY ADAMS, Case Manager,
KAROL PAYNE, Classification Director,
JUDY CHILDERS, Counselor,
MIKE BOLIN, Lieutenant,
LINDA PERKINS, Nurse,
JOSH HENTHORN, Officer,
SERGEANT TITUS and SERGEANT HENTHORN,

       Defendants.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Background

The pro se[1] plaintiff, Harvey Patrick Short, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, challenging several conditions of confinement including lack of heat, lack of adequate exercise, and lack of adequate time in the law library. He also alleges he has been denied the right to practice his religion and adequate and nutritious meals and a low sodium diet. The plaintiff

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

also states that several defendants have refused to copy his legal documents, denied him the right to type his legal documents, and read his legal documents. He argues that his conditions of confinement are unhealthy and unsanitary. He also argues that the defendants retaliated against him from his filing administrative grievances by moving him to a housing unit reserved for Aryans and skin heads. He then alleges he was denied a subsequent request for protective custody. He also alleges that he was thrown to the concrete floor head first causing serious injuries and that he was showered with pepper mace in the head, arms, face, and clothing, which caused a cardiac condition. He states that this is corporal punishment being practiced at the St. Marys Correctional Center and that officers are allowed to beat inmates in the medical infirmary.

The case was referred to United States Magistrate Judge James E. Seibert for initial review and recommendation. On October 18, 2010, the magistrate judge entered a report and recommendation. The magistrate judge found that the plaintiff has had at least three prior civil actions dismissed as frivolous, malicious, or failing to state a claim upon which relief may be granted.[2] In his complaint, the plaintiff indicated he had not begun any other lawsuits in state or federal court dealing with these same facts or otherwise related to his imprisonment. Because the magistrate

---

[2] Short v. Carper, Civil Action No. 07-0139 (S.D. W. Va.); Short v. Bailey-Walker, Civil Action No. 07-0277 (S.D. W. Va.); Short v. U.S.A., Civil Action No. 01-0408 (W.D.N.C.)

judge was unaware that the plaintiff had accumulated three strikes, he entered an order granting the plaintiff leave to proceed <u>in forma pauperis</u> and entered an order to answer.  The defendants were served and the magistrate judge was then alerted to the plaintiff's previous filings in the defendants' motions to dismiss.  The magistrate judge vacated his order granting the plaintiff leave to proceed <u>in forma pauperis</u>.  The magistrate judge stated in his report and recommendation that the plaintiff is not in imminent danger of physical injury.  The magistrate judge recommended that the plaintiff's motion for leave to proceed <u>in forma pauperis</u> be denied and that this case be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).  The magistrate judge also recommended that the pending motions to dismiss be denied as moot.  The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within fourteen days after being served with a copy of the magistrate judge's recommendation.  The plaintiff filed objections.  For the reasons set forth below, this Court affirms and adopts the magistrate judge's report and recommendation.

## II. <u>Applicable Law</u>

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made.  As to those

portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the plaintiff has filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

### III. Discussion

Under 28 U.S.C. § 1915(e)(2)(b), a court is required to review complaints filed by prisoners against governmental entities or their officers or employees and dismiss any portion of the complaint found to be frivolous or malicious, failing to state a claim upon which relief can be granted, or seeking monetary relief from a defendant immune from providing such relief. In determining whether a complaint states a claim upon which relief may be granted, a court should not scrutinize the pleadings "with such technical nicety that a meritorious claim should be defeated . . . ." Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Thus, a pro se complaint should not be summarily dismissed unless "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 521 (1972) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

Section 1915 also incorporates what is commonly referred to as a "three strikes" provision. See 28 U.S.C. § 1915(g) (2000). This provision states that an inmate who has submitted three prior actions or appeals that were later dismissed as frivolous, malicious, or for failure to state a claim is not allowed to proceed in future actions brought in forma pauperis "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The statute does not preclude the inmate from filing additional actions, but does deny him the ability to proceed under in forma pauperis status. In this case, the plaintiff has previously filed at least three civil actions that have failed to state a claim. Thus, his motion to proceed in forma pauperis must be denied unless he can demonstrate "imminent danger of serious physical injury."

Courts have found that such "imminent danger" can be present in a number of circumstances, including the consumption of unsafe drinking water, Helling v. McKinney, 509 U.S. 25 (1993), exposure to environmental tobacco smoke, Gibbs v. Cross, 160 F.3d 962 (3d Cir. 1998), placement of an inmate near known enemies after two stabbing incidents, Ashley v. Dilworth, 147 F.3d 715 (8th Cir. 1998), and alleged deliberate indifference to dental needs that resulted in multiple tooth extractions, McAlphin v. Toney, 281 F.3d 709 (8th Cir. 2002). Moreover, a district court has found that denial of necessary medical treatment for back pain and acid reflux

5

can also present such danger.  Bond v. Aquinaldo, 228 F. Supp. 2d 918 (N.D. Ill. 2002).  However, in such cases the plaintiff's complaints have been supported by proof of "ongoing serious physical injury[] or a pattern of misconduct evidencing the likelihood of imminent serious physical injury."  Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).

The plaintiff filed objections to the magistrate judge's report and recommendation.  The plaintiff first argues that the magistrate judge erred by concluding that because the plaintiff had been moved from the unit reserved for the Aryans that the plaintiff was not in imminent danger.  He believes that imminent danger only has to exist at the time of the filing of the complaint.  This Court disagrees.  As mentioned above, the imminent danger of serious physical injury exception to the three strikes provision "focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct."  Martin, 319 F.3d at 1050.  Because the plaintiff was moved from the unit reserved for the Aryans, the plaintiff has not shown a threat of continuing or future injury.

In the plaintiff's second objection, he states that he was physically attacked by corrections officers and threatened by corrections officers, thus alleging imminent danger.  His third objection is that he is in imminent danger because of the alleged practice of corporal punishment at St. Marys Correctional Center.

While the plaintiff does allege a physical injury in his complaint, specifically, that he was shoved to the floor and pepper sprayed, the imminent danger exception exists to "prevent impending harms, not those harms that had already occurred." Id. (quoting Abdul-Akbar v. McKelvie, 239 F.3d 307, 315 (3d Cir. 2001) (en banc)). While the plaintiff alleges in the complaint that he was physically injured, this does not rise to the level required to show that he is likely to suffer imminent danger in the future.

The plaintiff objects to the magistrate judge's conclusion that being denied his medically prescribed diet for hypertension is an imminent danger to the plaintiff's high blood pressure condition. This Court does not agree. Finally, the plaintiff believes that the magistrate judge failed to carefully examine the facts of the plaintiff's complaint. Again, after reviewing the record, this Court does not agree. Because the plaintiff has not shown that the requisite imminent danger of serious physical injury exists, the plaintiff is barred from pursuing his claims under § 1915.

## IV. Conclusion

Based upon a de novo review, this Court finds that the report and recommendation of the magistrate judge should be, and is hereby, AFFIRMED and ADOPTED in its entirety. Accordingly, for the reasons set forth above, the plaintiff's motion to proceed in forma pauperis (Document No. 2) is DENIED, and this case is DISMISSED

7

WITHOUT PREJUDICE. The defendants' motions to dismiss (Document Nos. 22, 24, and 27) are DENIED AS MOOT. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: December 1, 2010

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE